IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONAVAN LEE RAKESTRAW,

        Plaintiff,

v.

THE HERSEY COMPANY, et al.,

        Defendants.

Case No. 25-CV-2682-JWB-TJJ

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se*, has filed a First Amended Complaint alleging claims for violations of the Americans With Disabilities Act and Fair Labor Standards Act, retaliation, and other state law claims. This matter is presently before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 5), in which he asks the Court to appoint a lawyer to represent him in this case.

Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory right to appointed counsel.[1] For employment discrimination cases under Title VII of the Civil Rights Act of 1964, the court may appoint counsel for a plaintiff asserting claims under Title VII "in such circumstances as the court may deem just."[2] The Tenth Circuit has identified four factors which are relevant when evaluating motions for the appointment of counsel in Title VII cases.[3] Before the Court may appoint counsel, the "plaintiff must make affirmative showings of (1)

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] 42 U.S.C. § 2000e-5(f)(1).

[3] *Castner*, 979 F.2d at 1420.

financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[4] In addition, "plaintiff's capacity to present the case without counsel should be considered in close cases as an aid in exercising discretion."[5] The discretion granted to the court in appointing counsel is extremely broad.[6]

Because Congress did not provide any mechanism for compensating appointed counsel, however, *Castner* cautions the "[t]houghtful and prudent use of the appointment power . . . so that willing counsel may be located without the need to make coercive appointments."[7] Indiscriminate appointment of volunteer counsel to undeserving claims wastes precious resources and may discourage attorneys from providing pro bono services.[8]

Based upon its review of Plaintiff's motion under the above-referenced standards, the Court declines to appoint counsel to represent Plaintiff at this time. Plaintiff has failed to make affirmative showing of the first two factors: his financial inability to pay for counsel and his diligence in attempting to secure counsel prior to filing his motion. Plaintiff's motion references an "accompanying" financial affidavit, but no such affidavit has been filed. Plaintiff paid the filing fee to commence this action and has not applied for or been granted permission to proceed *in forma pauperis*.

Nor has Plaintiff provided any indication he made efforts to contact any attorneys to secure

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.* at 1421.

[8] *Id.*

their services prior to filing his motion. This typically requires the party requesting counsel to meet with and discuss the case with at least five attorneys.[9] Plaintiff's motion is devoid of any mention of his efforts to contact local employment attorneys or law offices regarding legal representation for his case. The Court therefore finds that Plaintiff has not shown diligence in attempting to secure counsel on his own prior to filing his motion for appointment of counsel.

Finally, based on his filings to date, Plaintiff has shown he has the capacity and ability to represent himself *pro se* and without counsel in this case. The Court therefore denies Plaintiff's motion for appointment of counsel under 42 U.S.C. § 2000e-5(f)(1), but without prejudice.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 5) is denied without prejudice.

IT IS SO ORDERED.

Dated December 8, 2025, in Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge

---

[9] *See* the Court's form Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel, available at: https://www.ksd.uscourts.gov/court-appointedself-representation-forms.