IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNIE LEE RAKESTRAW, JR.,

    Plaintiff,

v.

THE HERSEY COMPANY, et al.,

    Defendants.

Case No. 25-CV-2682-JWB-TJJ

## ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL

This matter is presently before the Court on Plaintiff's Renewed Motion for Appointment of Counsel (ECF No. 36), in which he renews his request for the Court to appoint a lawyer to represent him in this case. Plaintiff's first motion was denied without prejudice because he failed to make an affirmative showing of (1) his financial inability to pay for counsel and (2) his diligence in attempting to secure counsel prior to filing his motion.[1] The Court noted Plaintiff was not proceeding *in forma pauperis*, was able to pay the filing fee, and did not submit a financial affidavit or present any financial information with his first motion. The Court also found Plaintiff's first motion devoid of any mention of his efforts to contact local employment attorneys or law offices regarding legal representation for his case.

Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory right to appointed counsel.[2] For employment discrimination cases under Title VII of the Civil Rights Act of 1964, the court may appoint counsel for a plaintiff asserting claims under Title VII

---

[1] *See* Dec. 8, 2025 Order Denying Motion for Appointment of Counsel (ECF No. 6).

[2] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

"in such circumstances as the court may deem just."[3] The Tenth Circuit has identified four factors which are relevant when evaluating motions for the appointment of counsel in Title VII cases.[4] Before the Court may appoint counsel, the "plaintiff must make affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[5] In addition, "plaintiff's capacity to present the case without counsel should be considered in close cases as an aid in exercising discretion."[6] The discretion granted to the court in appointing counsel is extremely broad.[7]

Because Congress did not provide any mechanism for compensating appointed counsel, however, *Castner* cautions the "[t]houghtful and prudent use of the appointment power . . . so that willing counsel may be located without the need to make coercive appointments."[8] Indiscriminate appointment of volunteer counsel to undeserving claims wastes precious resources and may discourage attorneys from providing pro bono services.[9] The court typically requires the

---

[3] 42 U.S.C. § 2000e-5(f)(1).

[4] *Castner*, 979 F.2d at 1420.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at 1421.

[9] *Id.*

party requesting counsel to meet with and discuss the case with at least five attorneys before filing a motion for appointment of counsel.[10]

The Court has reviewed Plaintiff's renewed motion under the above-referenced standards and finds it suffers from the same deficiencies as his first motion. Plaintiff did not submit a financial affidavit or other financial information showing he is financially unable to hire an attorney. His renewed motion also does not identify any attorneys or law firms he contacted regarding legal representation for this case. Plaintiff's renewed motion thus is denied without prejudice for the same reasons as his first motion. He failed to make an affirmative showing of his financial inability to pay for counsel and his diligence in attempting to secure counsel prior to filing his motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Renewed Motion for Appointment of Counsel (ECF No. 36) is denied without prejudice.

IT IS SO ORDERED.

Dated February 20, 2026, in Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge

---

[10] *See* the Court's form Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel, available at: https://www.ksd.uscourts.gov/court-appointedself-representation-forms.