IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNIE LEE RAKESTRAW, JR.,

   Plaintiff,

v.              Case No. 25-2682-JWB

THE HERSHEY COMPANY, *et al.*,

   Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion for equitable tolling (Doc. 10); Defendants' motion to dismiss (Doc. 29); and Plaintiff's motion for leave to file a surreply (Doc. 37). The motions are fully briefed and ripe for decision. (Docs. 21, 23, 30, 31, 34, 35, 38.) For the reasons stated herein, Defendants' motion to dismiss (Doc. 29) is GRANTED; Plaintiff's motion for equitable tolling (Doc. 10) is DENIED; and Plaintiff's motion for leave to file a surreply (Doc. 37) is DENIED. Plaintiff's action is therefore DISMISSED.

## I. Facts & Procedural History

The following facts are taken from Plaintiff's second amended complaint ("SAC"). (Doc. 28.) Donnie Rakestraw ("Plaintiff") began working for The Hershey Company ("Hershey") at its Edgerton, Kansas, facility ("Edgerton facility") in 2023 until his termination in May 2024. On November 20, 2025, Plaintiff brought this action, naming four defendants: Hershey; Lee Timmons, Plaintiff's manager at the Edgerton facility; Karen Powell, the HR representative at the Edgerton facility; and Bill Maloy, the chief of safety at the Edgerton facility (collectively "Defendants").

Plaintiff's allegations primarily stem from not being provided with a rubber mat to stand on while working. Plaintiff claims to have neuropathy, a medical condition that causes him

1

increased pain from prolonged standing on hard surfaces.  While working for Hershey, the nature of Plaintiff's job required him to stand for extended time periods on concrete.  He alleges that his medical condition impacted his ability to stand for extended periods of time and that he informed Defendants of his condition and the limitations it imposed.  (*Id*. at 3.)

In or around March 2024, Plaintiff requested rubber mats from Karen Powell as an accommodation for his neuropathy because he had been assigned to workstations lacking mats. (*Id*.)  He believed this was reasonable because other employees were provided with mats or assigned to stations already equipped with them.  Moreover, Plaintiff claims that Hershey had a company policy that required employees to be provided with rubber mats when requested.  Plaintiff claims Hershey had rubber mats available.  However, after making his request, Plaintiff claims that Defendants "failed to ensure" that he received a rubber mat.  (*Id*. at 4.)  Plaintiff describes an occasion where an employee at a matted position expressed willingness to trade positions; however, Lee Timmons refused to allow the trade and required Plaintiff to remain at his station. (*Id*. at 5.)  As a result of Defendants' refusal to provide safety mats, Plaintiff contends he developed a foot injury in March 2024 that progressively worsened until it became a "full-blown ulcer."  (*Id*. at 5–6.)

Plaintiff contends that in July 2024—a month after he claims to have been terminated—he reported his foot injury to Karen Powell and told her it was work related.  (*Id*. at 6.)  In response, Karen Powell allegedly informed Plaintiff that Lee Timmons had told her that his foot injury was "not work-related."  (*Id*. at 4.)  When Plaintiff disputed that characterization, he claims Hershey failed to provide medical treatment, refused to file an OSHA injury report, and otherwise failed to follow-up or conduct any investigation.  Eventually, Plaintiff alleges that after requesting and being denied the rubber mat, that Defendants terminated his employment.  (*Id*. at 7.)

There are some inconsistencies surrounding whether Plaintiff has received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC").  In the SAC, originally attached as an exhibit to his motion for leave to file the same, Plaintiff alleged he filed a charge of discrimination with the EEOC and received a right-to-sue letter.  (Doc. 16-1 at 7.)  However, four days later, Plaintiff contradicted this by stating that "he did not file a charge with the [EEOC] within the applicable filing period."  (Doc. 23 at 1.)  In any event, months prior to this, Plaintiff filed a motion to equitably toll his EEOC filing deadline.  (Doc. 10.)  The court will address this discrepancy in resolving that motion herein.

Finally, Plaintiff alleges that Defendants required him to put on and remove protective gear—including hair nets, beard nets, gloves, and sanitary clothing—before and after his shifts. (Doc. 28 at 7.)  Plaintiff claims this process took approximately 10 to 15 minutes, and that he did so without compensation.  (*Id*.)

Based on these allegations, Plaintiff asserts ten[1] claims.  The first four are brought under the Americans with Disability Act ("ADA") for (1) failure to provide reasonable accommodations, (2) disability discrimination, (3) retaliation, and (4) hostile work environment.  Plaintiff also brings a claim for (5) violations of the Fair Labor Standards Act ("FLSA"), a claim for (6) "retaliation in violation of OSHA," and four common law claims, including: (7) "Kansas workers' compensation retaliation," (8) "fraud and intentional misrepresentation," (9) "intentional infliction of emotional distress" ("IIED"), and (10) "wrongful termination in violation of public policy."  (*Id*.)

## II.    Standard

---

[1] Plaintiff alleges claims of disability discrimination twice—counts II and IX in the SAC.  (Doc. 28 at 9, 13.)  Based on the specific allegations under each count, the court views these as duplicative and consolidates them as a single claim for disability discrimination under the ADA.

Motion to Dismiss.  In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff.  *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon the court's consideration.  *Shero v. City of Grove, Okla*., 510 F.3d 1196, 1200 (10th Cir. 2007).

Pro Se Standard.  Because Plaintiff is proceeding pro se, the court is to liberally construe his filings.  *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf.  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  Further, the court may not assume the role of advocate for the pro se litigant.  *See Van Deelen v. City of Eudora, Kan.*, 53 F. Supp. 2d 1223, 1227 (D. Kan. 1999); *Sallaj v. Feiner*, 2024 WL 112303, at *2 (D. Kan. Jan. 10, 2024).

## III.    Analysis

### A.  Plaintiff's Surreply

For context, it is helpful to discuss the briefing surrounding Plaintiff's surreply.  On February 3, 2026, Defendants filed their reply (Doc. 34), which rendered Defendants' motion to dismiss fully briefed.  *See* D. Kan. Rule 7.1.  The very next day, Plaintiff filed what the court construes as a surreply.  (Doc. 35.)  Two days later, Plaintiff filed a motion seeking leave to file a surreply.  (Doc. 37.)  Then, three days later, on February 9, 2026, without leave of court, Plaintiff filed another surreply.  (Doc. 38.)  In each surreply or motion to file the same, Plaintiff primarily

offers new facts and legal theories.  The only support Plaintiff offers regarding whether he ought to be granted leave to file a surreply is because of his "pro se status, limited time to respond, and lack of access to comprehensive legal research tools."  (Doc. 37 at 2.)  The court is unpersuaded.

Under District of Kansas Rule 7.1, briefing on motions is limited to the motion (with memorandum in support), a response, and a reply.  Surreplies "are permitted only with leave of court and under 'rare circumstances' after good cause is shown."  *James v. Boyd Gaming Corp.*, 522 F.Supp.3d 892, 902–03 (D. Kan. Mar. 2, 2021) (citations omitted).  "The Tenth Circuit has interpreted 'good cause' narrowly, and inadvertence or ignorance of the rules is insufficient."  *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1275 (D. Kan. 2011) (citing *In re Kirkland*, 86 F.3d 172, 174 (10th Cir.1996)).

Plaintiff fails to show good cause.  First, the fact that Plaintiff seeks leniency in terms of his compliance with rules as a pro se litigant is unpersuasive. The court already construes pro se filings liberally, affording them more deference than those filed by lawyers.  Second, Plaintiff's argument that he lacks access to comprehensive legal research tools similarly does not rise to the level of good cause.  Plaintiff fails to point to authority, and the court cannot find any, where limited access to legal research tools justified additional briefing on a motion.  Finally, Plaintiff's argument that he was "under significant time constraints" is unsupported by the record.  (Doc. 37 at 1.)  Plaintiff had no less time to respond than any other litigant, as the court did not expedite briefing.  Further, Plaintiff was free to seek an extension.  He did not.  Accordingly, Plaintiff has failed to show good cause to file a surreply and the court therefore denies Plaintiff's motion. *Ogden*, 32 F.3d at 455 ("Plaintiffs are not excused from following procedural rules—including local rules—simply because they choose to proceed pro se.").  That said, the court has reviewed Plaintiff's surreplies and notes that its decision would not have changed.  (*See* Docs. 35, 37, 38.)

### B. Plaintiff's Motion for Equitable Tolling

The court first notes that Plaintiff's motion for equitable tolling did not identify the specific deadlines or claims for which equitable tolling was sought. Nevertheless, in Plaintiff's reply to Defendant's response, his only requested relief is equitable tolling of the "EEOC charge-filing deadline" for the "ADA counts." (Doc. 23 at 4.) As such, the court finds that the EEOC filing deadlines associated with the ADA claims are the only deadlines to which this motion pertains.

The ADA requires claims to be exhausted administratively before filing suit, which starts with bringing a charge of discrimination with the EEOC. 42 U.S.C. § 12117(a). The EEOC then issues a right-to-sue letter, and a plaintiff must file his lawsuit within 90 days of receipt. *Id*. Accordingly, a plaintiff cannot receive a right-to-sue letter, and therefore may not bring an action, based upon claims that were not administratively exhausted. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018). Here, Plaintiff admits that he failed to file his charge of discrimination with the EEOC but argues the deadline should be equitably tolled. (Doc. 10.) The question, thus, is whether equitable tolling applies to make Plaintiff's otherwise untimely filing of this case timely. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to . . . equitable tolling.").

"Equitable tolling effectively extends an otherwise discrete limitations period set by Congress." *Arellano v. McDonough*, 598 U.S. 1, 6 (2023) (internal quotations omitted). Such a remedy is only suitable in extraordinary circumstances. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). "The Tenth Circuit has generally recognized equitable tolling of such time limitations only when there has been a showing of active deception." *Thompson v. Wilkie*, 2018 WL 5281609, at *3 (D. Kan. Oct. 24, 2018) (citing *Biester v. Midwest Health Services, Inc.*, 77

F.3d 1264, 1267 (10th Cir. 1996)).  Further, "[e]quitable tolling can be appropriate if a plaintiff has been lulled into inaction by the employer's intentional acts that causes the delay of filing a charge."  *Laber v. United States Dep't of Def.*, 2020 WL 5573061, at *6 (D. Kan. Sept. 17, 2020).

Here, Plaintiff first argues that the filing deadline with the EEOC be tolled because of "misrepresentation from his own retained counsel."  (Doc. 10 at 1.)  And that he was "never advised" about the requirement to file a charge.  (Doc. 23 at 2.)  However, Plaintiff clarifies that allegation by explaining that his retained counsel did not think Plaintiff had a claim and that once Plaintiff obtained his files and conducted his own research, Plaintiff himself believed that "Defendant's conduct implicated" civil rights violations.  (Doc. 10 at 2.)  In other words, Plaintiff's allegations do not support misrepresentation, but rather Plaintiff's disagreement with his attorney about the merits of his case.  Nevertheless, even if his attorney gave incorrect advice, it would still not be grounds for equitable tolling.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling"); *Horton v. Achievement Servs. for Ne. Kan.*, 1996 WL 442029, at *3 (D. Kan. July 26, 1996) (rejecting equitable tolling based on ineffective assistance of counsel theory, stating that "a plaintiff does not have a right to effective assistance of counsel in a civil lawsuit").

Second, Plaintiff argues that Defendants concealed information from him.  (Doc. 10.)  While this could merit equitable tolling, Plaintiff fails to plead facts supporting this allegation.  He does not explain what information was concealed and the relevant allegations say nothing of Defendant misleading Plaintiff in a way that interfered with his ability to timely file an EEOC charge.  Therefore, this is not a case where equitable tolling will apply after an employee has been "lulled into inaction" by his employer.  *Laber*, 2020 WL 5573061 at *6.

7

Third, Plaintiff appears to argue that equitable tolling is merited because, due to his pro se status, he was not aware of the requirement to file a charge with the EEOC. This too fails to reach the high standard required for equitable tolling. *See Sosa v. Howes*, 2025 WL 3720408, at \*2 (D. Kan. Dec. 23, 2025) ("[I]t is well established that ignorance of the law is not sufficient reason for equitable tolling.") (citing *Valenzuela v. Silversmith*, 699 F.3d 1199, 1207 (10th Cir. 2012)). To the extent Plaintiff makes additional arguments, they are conclusory and wholly unsupported.

Finally, for the first time in Plaintiff's reply, he requested this court grant a stay or alternatively apply equitable estoppel. While Plaintiff offers no standard or facts in support of these requests, they are nonetheless waived. *See United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("[A]rguments raised for the first time in a reply brief are generally deemed waived."). Even liberally construed, Plaintiff's allegations do not establish the "extraordinary circumstances" required to invoke equitable tolling. His motion is therefore denied. The court will next address Plaintiff's claims.

### C. Defendant's Motion to Dismiss

#### 1. ADA Claims

Plaintiff brings four claims under the ADA: (1) failure to provide reasonable accommodations, (2) disability discrimination, (3) retaliation, and (4) hostile work environment. As previously discussed, the ADA requires claims to be administratively exhausted before filing suit, which starts with filing a charge with the EEOC. 42 U.S.C. § 12117(a). It is Plaintiff's burden to properly plead and provide proof of a timely charge, as that document is usually within a plaintiff's control and a condition precedent to timely filing suit. *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1042 (10th Cir. 2015); *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1163 (10th Cir. 2007). A failure to exhaust "may be raised in a motion to dismiss when the grounds for the defense appear

on the face of the complaint." *Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019); *see also Bryant v. United States Postal Serv.*, 2019 WL 2473787, at *3 (D. Kan. 2019) (dismissing under Rule 12(b)(6) because the employee did not get a right-to-sue letter from the EEOC). Defendants argue that Plaintiff's ADA claims should be dismissed because he failed to administratively exhaust. (Doc. 30 at 9–10.)  The court agrees.

Plaintiff concedes he neither filed a claim with the EEOC nor obtained a right-to-sue letter. (Doc. 23 at 1.)  In his response, he briefly echoes the same arguments he made in his equitable tolling motion that has been denied. (Doc. 31 at 3.)  The timeliness requirement is like a statute of limitations. *See Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982).  Once that time has passed, the claim is barred. *Id.*  To calculate the date the charge must be filed, the last discriminatory act is the starting point.  In the current case, the last possible discriminatory act occurred in May 2024, the month of termination. (Doc. 28 at 7.)  Even assuming termination occurred on the last day of May—May 31, 2024—and applying the 300-day limit to the ADA claims, the charge was due to be filed on approximately March 28, 2025.[2]  The present action was not even filed until November 20, 2025. (Doc. 1.)  To date, over 600 days have passed since the approximate timeframe that Plaintiff was terminated.

"[D]ismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).  The record makes clear that Plaintiff cannot file a timely charge with the EEOC within the 300-day deadline. Because the court has already denied Plaintiff's motion to equitably toll, he thus cannot sue under the ADA. *Lister v. City of Wichita, Kansas*, 666 F. App'x 709, 712 (10th Cir. 2016) (affirming

---

[2] In Defendants' motion to dismiss, they state that Plaintiff's official date of termination was on June 15, 2024. (Doc. 30 at n.2.)  In any event, 300 days after then would be April 11, 2025, which is well over a year ago.

dismissal with prejudice where the employee filed his charge "85 days past the filing period"); *Pendergraft v. Bd. of Regents of Okla. Colls.*, 2019 WL 3806639, at *3–4 (W.D. Okla. Aug. 13, 2019) (granting motion to dismiss discrimination claims for failure to state a claim where plaintiff admitted in court filing that he did not file an EEOC charge).  Therefore, Plaintiff fails to state a claim for which relief can be granted, and his ADA claims are dismissed with prejudice.

### 2.  FLSA Claim

Plaintiff brings a claim for violations of the FLSA.  In support, Plaintiff alleges that Defendants required him to put on and remove protective gear—including hairnets, beard nets, gloves, and sanitary clothing—before and after their shifts.  (Doc. 28 at 7.)  He went on to explain that this process took approximately 10 to 15 minutes per shift, and that he was not compensated. (*Id*.)  Defendants move for dismissal on the grounds that Plaintiff fails to state a claim, fails to allege that the individual defendants are employers within the meaning of the FLSA, and that the first-to-file rule warrants dismissal because there is a duplicative lawsuit pending in the Middle District of Pennsylvania.  (Doc. 30 at 11–15.)  The court finds that Plaintiff has failed to state a claim and therefore dismisses his FLSA claim.

The FLSA requires overtime pay of one and a half times an employee's hourly wage for every hour worked over 40 hours in a single week.  29 U.S.C. § 207(a)(1).  In indicating what manner of pleading is necessary in an FLSA case, the Tenth Circuit has stated: "to survive a motion to dismiss, a plaintiff asserting a [FLSA] claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *ElHelbawy v. Pritzker*, 663 F. App'x 658, 663 (10th Cir. 2016) (quoting *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644–45 (9th Cir. 2014)) (unpublished). Here, Plaintiff's complaint fails to provide any detail regarding a workweek where he worked more

than 40 hours and was not paid overtime. Moreover, Plaintiff alleges only that Defendant failed to pay him for time worked—the "approximately 10 to 15 minutes" it took to put on and remove protective gear. (Doc. 28 at 7.) These allegations amount to nothing more than generalized and conclusory statements regarding purported violations of FLSA wage provisions. Accordingly, Plaintiff fails to state a claim for which relief can be granted, and his FLSA claim is dismissed. The court declines to address Defendants remaining arguments.

### 3. OSHA Claim

Plaintiff brings a claim for "retaliation in violation of OSHA." (Doc. 28 at 11.) Specifically, Plaintiff alleges he "engaged in protected activity under [OSHA] by reporting unsafe working conditions," including the denial of required safety equipment. (Doc. 28 at 11.) He alleges Defendants terminated his employment in retaliation for his safety complaints, which violated 29 U.S.C. § 660(c). (*Id*.) Defendants argue that allowing Plaintiff to amend would be futile because there is no private cause of action for a retaliatory discharge under 29 U.S.C. § 660(c). (Doc. 30 at 11.) The court agrees.

Here, Plaintiff's OSHA retaliation claim fails because the plain language of 29 U.S.C. § 660(c), otherwise known as Section 11(c), does not confer a private right of action. "[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 14–15 (1981) (citations and quotations omitted). Congress has provided a remedy in 29 U.S.C. § 660(c) for employees who report an OSHA violation: a complaint with the Secretary of Labor, not a private right of action. *See*, *e.g.*, *Crane v. Conoco, Inc.*, 41 F.3d 547, 553 (9th Cir. 1994) ("OSHA violations do not themselves constitute a private cause of action"); *Scarborough v. Aegis Commc'ns Grp., Inc.*, 217 F.3d 840 (4th Cir.

2000) (unpublished) (same) (citation omitted); *Jelenic v. Campbell Plastics*, 159 F.3d 1347 (2d Cir. 1998) (unpublished) (same) (citations omitted); *Elliott v. S.D. Warren Co.*, 134 F.3d 1, 4–5 (1st Cir. 1998); *George v. Aztec Rental Ctr. Inc.*, 763 F.2d 184, 186 (5th Cir. 1985) (same); *Taylor v. Brighton Corp.*, 616 F.2d 256, 258 (6th Cir. 1980) (same); *Anderson v. Textron Aviation, Inc.*, 2023 WL 2868130, at *2 (D. Kan. Apr. 10, 2023) ("[29 U.S.C. § 660(c)] does not expressly grant a private cause of action" and "a private cause of action is not implied by 29 U.S.C. § 660(c)."). Therefore, as there is no private right of action for an OSHA retaliation claim and any amendment would be futile, Plaintiff's OSHA retaliation claim is dismissed.

### 4. State Law Claims

Plaintiff's four remaining claims all arise under state law. (Doc. 28 at 11–15.) Because the court dismisses Plaintiff's federal claims, the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Any claims remaining in Plaintiff's SAC arise under state law. Although the court could exercise supplemental jurisdiction over Plaintiff's state law claims, the court declines to do so. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)). There are no compelling circumstances that justify this court retaining jurisdiction. In addition, this case is in the early stages as no formal discovery has been exchanged. Accordingly, the court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and they are dismissed without prejudice.

## IV.    Conclusion

THEREFORE, Defendants' motions to dismiss (Docs. 29) is GRANTED.  Plaintiff's federal claims are hereby DISMISSED for the reasons stated above.  The court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses them without prejudice.  Further, Plaintiff's motion for equitable tolling (Doc. 10) and motion for leave to file a surreply (Doc. 37) are DENIED.  Plaintiff's action is therefore DISMISSED.

IT IS SO ORDERED.  Dated this 24th day of April, 2026.

_s/ John W. Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE